**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Roberson, | )   No. CV 1-08-668-DGC |
|            Plaintiff, | )<br>)   **ORDER** |
| vs. | )<br>) |
| A. Hedgpeth, et al., | )<br>)<br>) |
|            Defendants. | )<br>) |

Plaintiff Kevin Roberson, is confined in the Salinas Valley State Prison in Soledad, California. Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and, before the Court screened the Complaint, filed an Amended Complaint. In a January 20, 2009 Order, the Court dismissed Plaintiff's Amended Complaint because he had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 17, 2009, Plaintiff filed a Second Amended Complaint (Doc. #10) and a "First Request for Extension of Time to File Second Amended Complaint" (Doc. #11). Because Plaintiff timely filed his Second Amended Complaint, the Court will deny as moot the Request for Extension of Time. The Court will order Defendants to answer the Second Amended Complaint.

. . . .

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    Second Amended Complaint

In his three-count Second Amended Complaint, Plaintiff sues the following Defendants, all of whom are employed at the Kern Valley State Prison: Correctional Officers J. Kholer and T. Faulkner, Lieutenant W. Hammer, Sergeant A. Sotelo, and Senior Custody Correctional Officer/Sergeant Hart.

Plaintiff alleges that he filed a civil rights lawsuit against various prison officials in March 2003 and, subsequently, "prison officials" began housing him with violent, incompatible cellmates and refusing to separate him and his incompatible cellmates until a physical altercation occurred. Specifically, Plaintiff asserts that Defendants Kholer and Faulkner asked Plaintiff if he would house with a specific inmate; Plaintiff stated that he was unsure if they were compatible but would "give it a try"; and Defendants Kholer and Faulkner promised that they would allow Plaintiff to move if he and the inmate were incompatible.

Plaintiff alleges that it soon became apparent that he and the inmate were incompatible and they and informed correctional officers that they needed to be separated "due to incompatibility problems and possible violence." He claims their repeated requests to be separated were ignored, including two occasions were the other inmate initially refused to return to his cell after showers, but eventually was returned to his cell. Plaintiff contends that he believes Defendants Hammer, Sotelo, and Hart were aware of the incompatibility problem and nevertheless made the decision to return the inmate back to the cell.

Plaintiff also alleges that the other inmate informed Defendants Kholer and Faulkner that he was "not trying to catch another case" and, when the inmate asked Defendant Faulkner if the inmate could talk to a third inmate about moving into the third inmate's cell, Defendant Faulkner informed the inmate that "it was not going to happen." Plaintiff asserts that Defendants Kholer and Faulkner knew about, or had access to, institutional information that would have alerted them to the likelihood of a cell incident and could have resolved the issue in a different manner, but failed to do so.

Plaintiff contends that he and the other inmate were involved in a "cell altercation" that resulted in Plaintiff being found guilty in a prison disciplinary hearing of battery resulting in serious bodily injury, losing good time credits, and being assigned to solitary confinement.

Plaintiff asserts that Defendants' failure to separate him from his incompatible cellmate until after a physical altercation constitutes deliberately indifference to his health and safety (Count One) and was done in retaliation for Plaintiff exercising his constitutional rights and served no legitimate correctional goals (Count Two). Plaintiff also invokes the Court's pendent jurisdiction and contends that Defendants' conduct constitutes the state law tort of "willful and reckless negligence" (Count Three).

In his Request for Relief, Plaintiff seeks monetary damages, injunctive relief, the appointment of counsel, and the expungement of a rule violation report.

Liberally construed, Plaintiff has stated claims in Counts One, Two, and Three. The Court will require Defendants to answer the Second Amended Complaint.

**III.     Request for Appointment of Counsel**

In his Request for Relief, Plaintiff seeks the appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th

Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. Id. "Neither of these factors is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Having considered both elements, it does not appear at this time that exceptional circumstances are present that would require the appointment of counsel in this case. Therefore, the Court will deny without prejudice the request for appointment of counsel.

## IV. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's "First Request for Extension of Time to File Second Amended Complaint" (Doc. #11) is **denied as moot**.

(2)     Plaintiff's request for counsel, included in his Second Amended Complaint, is **denied** without prejudice.

(3)     The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (Doc. #10), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Kholer, Faulkner, Hammer, Sotelo, and Hart.

(4)     Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5)     Plaintiff must not attempt service on Defendants and must not request waiver of service.  Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6)     **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.**  See **Fed. R. Civ. P. 41(b).**

DATED this 24th day of March, 2009.

_____
David G. Campbell
United States District Judge