**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin Roberson,<br><br>    Plaintiff,<br><br>vs.<br><br>A. Hedgpeth, et al.,<br><br>    Defendants. | No. CV 1-08-668-DGC<br><br>**ORDER** |

Plaintiff Kevin Roberson is confined in the Salinas Valley State Prison in Soledad, California. On May 14, 2008, Roberson filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. #1. He filed a second amended complaint on February 17, 2009, which alleges three counts against Defendants. Dkt. #10. Defendants have filed a motion to dismiss Count Three, Roberson's negligence claim, alleging that he failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. #20. Defendants have also filed a request for judicial notice. Dkt. #21. Roberson filed a response in opposition to the motion to dismiss. Dkt. #22. For the reasons that follow, the Court will deny Defendants' motion to dismiss and the request for judicial notice.

**I.    Motion to dismiss.**

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For Roberson to state a claim for

negligence under California law, he must abide by the provisions of the California Tort Claims Act ("the Act"). Cal. Gov't Code § 900, et. seq. Under the Act, any plaintiff who intends to sue a government entity or employee must proceed first with a claim filed with the Victim Compensation and Government Claims Board ("the board"). *Id.* § 945.4. Once the claim is filed with the board, the board must act within 45 days. If it does not, the claim is deemed rejected on the 45th day and the plaintiff may file suit in court. *Id.* § 912.4; *Shirk v. Vista Unified School Dist.*, 164 P.3d 630, 634 (Cal. 2007). Filing with the board is not merely a procedural requirement. It is "a condition precedent to plaintiff's maintaining an action against defendant" – an element of the plaintiff's claim. *Shirk*, 164 P.3d at 634 (internal citations omitted).

Roberson filed his claim with the board before filing this action. Dkt. #20-2 at 3.[1] Defendants argue, however, that Roberson's claim must be dismissed because although he filed with the board before filing suit, he did not strictly comply with the rules of the Act. *Id.* at 2-3. Defendants contend that he filed suit 44 days after he presented his claim to the board, not 45 days as required by the Act.[2]

The Act requires only substantial compliance, not perfect performance. *Westcon Const. Corp. v. County of Sacramento*, 61 Cal. Rptr. 3d 89, 101 (Cal. Ct. App. 2007); *State v. Superior Court (Bodde)*, 90 P.3d 116, 123 (Cal. 2004). To determine whether a plaintiff has substantially complied, the Court must ask whether there is at least some compliance with all the statutory requirements and, if so, whether that compliance constitutes substantial compliance. *Westcon*, 61 Cal. Rptr. 3d at 101. Defendants allege that Roberson neglected to comply with the 45-day waiting period; they allege no other failure to comply. Dkt. #20-2 at 3. The Court finds that Roberson's actions amount to substantial compliance.

---

[1] Citations to pages in the parties' filings will be to the page numbers applied by the Court's electronic docket at the top of each page, not to the numbers at the bottom of each page of a document.

[2] Roberson presented his claim to the board on April 1, 2008 and filed the present lawsuit on May 14, 2008, 44 days later. Dkt. #20-2 at 3. Roberson did not receive his actual denial from the board until July 3, 2008. *Id.*

- 2 -

1  The purpose of the Act – and, in particular, the 45-day period – is to give public
2  entities sufficient information to investigate the matter at issue and to settle meritorious
3  claims before suit. *Westcon*, 61 Cal. Rptr. 3d at 101. By filing suit one day early, Roberson
4  did not defeat this purpose. Defendants have shown no prejudice or burden from what
5  appears to be a simple mistake. Defendants have cited no authority indicating that the Court
6  can or should dismiss Roberson's negligence claim because he filed one day early. The only
7  case Defendants cite is *Bodde*, which holds that dismissal can be proper if a plaintiff is
8  unable to prove that he complied with the Act. 90 P.3d 116. That case also states, however,
9  that when a plaintiff submits a timely claim to the board but then prematurely files suit – as
10 here – courts have "refused to dismiss the action because the plaintiffs had substantially
11 complied with the claim presentation requirement" and "had satisfied the purpose behind the
12 requirement." *Id.* at 122. The motion to dismiss will be denied.

**II.    Judicial notice.**

Pursuant to Federal Rule of Evidence 201, Defendants request that the Court take judicial notice of the date when Roberson filed his claim with the board and the date the board rejected his claim. Dkt. #21. This is unnecessary because Roberson does not dispute the validity of these dates. Dkt. #22, ¶ 2. The request is denied as moot.

**IT IS ORDERED:**

1. Defendants' motion to dismiss Plaintiff's negligence claim is **denied**.
2. Defendants' request for judicial notice is **denied** as moot.

DATED this 30th day of October, 2009.

_____
David G. Campbell
United States District Judge